(119 App. Div. 881)

### MALCOM v. GIBSON et al.

(Supreme Court, Appellate Division, First Department.   May 24, 1907.)

DISCOVERY—ORDER FOR EXAMINATION—MODIFICATION.

    In an action by the committee of an incompetent, involving relations between one of defendants while the latter was acting as attorney for the incompetent, and wherein such defendant was charged with fraud in the conduct of his client's business, it was error to so modify an order for the examination of defendants as to prevent the true state of affairs from being brought out in a thorough manner.

Appeal from Special Term, New York County.

Action by George I. Malcom, committee of the person and property of Louisa Malcom Stenton, an incompetent, against Burton W. Gibson, impleaded with others. From an order amending an order for the examination of defendant Gibson, and limiting the scope of the examination, plaintiff appeals.   Reversed.

The nature of the action and the substance of the judgment demanded are as follows:

The action is an equitable action, which relates to the interest of Louisa Malcom Stenton, an incompetent person, in certain real property situated on the east side of Washington avenue, between 188th and 189th streets, in the borough of the Bronx, in the city of New York, and the proceeds of the sale thereof, which are now in the possession or under the control of the defendants, or some of them.  The substance of the judgment demanded is that a certain deed of said premises, dated July 2, 1903, made by said Louisa Malcom Stenton to the defendants Burton W. Gibson and William K. Aston, in so far as it represents an agreement for the compensation of said defendants Gibson and Aston and their interest in said premises, is inequitable and unconscionable, and should be reformed, so as to express such terms of compensation as may be found just, equitable, and proper; that the decision, interlocutory judgment, and final judgment filed and entered in an action of partition of said premises, instituted by said defendant Burton W. Gibson in the Supreme Court of the state of New York against said Louisa Malcom Stenton and others, in so far as the same may be deemed to have adjudged the interest of said defendants Gibson and Aston and said Louisa Malcom Stenton in said premises, or the compensation to which said defendants Gibson and Aston may be entitled for services rendered to said Louisa Malcom Stenton, be modified so as to express such interest and such terms of compensation as may be found just, equitable, and proper; that the amount of compensation to which the defendant Gibson was or is entitled for services rendered to said Louisa Malcom Stenton does not exceed the sum of $1,000; that the defendants account to the plaintiff for all their transactions and dealings in relation to said property, and for all moneys received by them, or any of them, in excess of the sum of $1,000, and that they, and each of them, be required forthwith to pay to the plaintiff all of such moneys in excess of said sum for which they may be found accountable; that the defendants Gibson, McFarland, Whitin, MacIntosh, Stewart, Pearsall, and Dyer, or such of them as claim any interest in said premises, be adjudged to hold said premises in trust for the said Louisa Malcom Stenton; that they, and each of them, be required forthwith to convey and release the same and all their claim of right, title, and interest therein to her; that they, and each of them, and all persons claiming through or under them, be enjoined and restrained from otherwise transferring or incumbering the said premises; that the mortgage of said premises made by the defendant MacFarland to the defendant Whitin, and the judgment of foreclosure thereof, the deed of said premises made and delivered by the referee named in such judgment to the defendant MacIntosh, the deed by the defendant Whitin to the defendant Stewart, and the mortgage by the defendant Stewart to the defendant Pearsall, are void, invalid, and of no effect as against the said Louisa Malcom Stenton;

that the said instruments be canceled or vacated, as the case may require, as against the said Louisa Malcom Stenton, and that the remaining defendants have no right, title, interest, claim, or lien in, to, or upon said premises; and that plaintiff have such other and further relief as to the court may seem just and proper, together with the costs of the action.

The order appealed from, referred to in the opinion, was as follows:

"Upon the annexed affidavit of George I. Malcom, committee of the person and of the property of Louisa Malcom Stenton, plaintiff in this action, sworn to on the 8th day of February, 1907, and upon motion· of Wilbur Larremore and Nelson S. Spencer, attorneys for the plaintiff, I do hereby require the defendants Burton W. Gibson, Archibald J. MacFarland, Frederick H. Whitin, George MacIntosh, Edson Pearsall, and Martin C. Dyer to appear before Charles E. Lydecker, who is hereby named a referee for the purpose of taking their examination before trial pursuant to sections 870–886 of the Code of Civil Procedure, as to the matters stated in the annexed affidavit, at No. 42 Broadway, in the borough of Manhattan, in the city of New York, on the 19th day of February, 1907, at 2 o'clock in the afternoon; and I do hereby direct that service of a copy of this order shall be made at least five days before the time fixed for such examination.

"Dated New York, February 9, 1907.

"Samuel Greenbaum, Justice of the Supreme Court.

"And it is further ordered that the examination of the defendant Burton W. Gibson, under and pursuant to said order for his examination before trial as thus amended, be limited to the following matters: (1) The matters relating to the execution of the deed made by Louisa Malcom Stenton to the defendants Burton W. Gibson and William K. Aston, and the circumstances under which it was obtained, and any negotiations or transactions leading up to the execution and delivery of such deed. (2) The matters relating to the action in partition, relating to the premises described in said deed, instituted in the New York Supreme Court, New York county, by Burton W. Gibson, plaintiff, against Louisa Malcom Stenton and others, defendants, and any transactions, circumstances, or fact relating to or bearing upon any matter therein adjudicated, or purporting to be adjudicated, in so far as the same relates to the interests of the defendants herein, Burton W. Gibson, William K. Aston, and said Louisa Malcom Stenton, or any of them, in said premises, or the compensation to which the defendants herein, said Gibson and Aston, may be entitled for services rendered therein. (3) The various transactions or steps taken by said Gibson in relation to said property, or any funds received by him. (4) The interests which the defendant Gibson claims or claimed in such property and any fact or circumstance in relation thereto. (5) The personal knowledge of defendant Gibson relating to the making of the mortgage on said premises by the defendant MacFarland to the defendant Whitin, judgment of foreclosure thereof, the deed of said premises made and delivered by the referee named in such judgment to defendant MacIntosh, the deed by the defendant Whitin to the defendant Stewart, and mortgage by the defendant Stewart to the defendant Pearsall. (6) The transactions and dealings by the defendant Gibson with the said Louisa Malcom Stenton relating to said property from and including the year 1903, and communications by him to her during such period. (7) The facts and circumstances within the knowledge of the defendant Gibson as to the allegations that Louisa Malcom Stenton was an old woman, feeble in mind and body, and suffering from a disease known as "senile dementia"; that she was or had· been incompetent, in consequence of imbecility arising from old age and loss of memory and understanding, and from senile dementia at any time. (8) As to the contract of retainer between the defendant Gibson· and Louisa Malcom Stenton, and the circumstances, transactions, and facts relating thereto. (9) The facts relating to and material to the allegations that in the prosecution of said partition action said Gibson was prosecuting said action in his own interests, or against the interests of Louisa Malcom Stenton, and that he deceived said Louisa Malcom Stenton as to its purposes, effect, or otherwise, or made representations in connection therewith to said Louisa Malcom Stenton. (10) The facts, circumstances, or transactions by the, de-

fendant Gibson relating to the reduction of the taxes, assessments, and water rates on· said property. (11) The personal knowledge of the defendant Gibson relating to the making of a mortgage on said premises by the defendant McFarland to the defendant Farmers' Loan & Trust Company for the sum of $45,000. (12) The business relations existing between the defendants Gibson and Aston in regard to said property or proceedings herein referred to and the incidents leading thereto. (13) The personal knowledge of the defendant Gibson regarding the mortgage foreclosure action by the defendant Whitin, as plaintiff, against the defendant MacFarland and said Louisa Malcom Stenton:, also the business relations between the defendants Whitin and Gibson. (14) As to the personal knowledge of the defendant Gibson of the alleged pretended agreement for the sale of the premises to the defendant Martin C. Dyer, and as to the relation of the defendant Gibson to such transaction."

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Nelson S. Spencer, for appellant.

Alvin C. Cass, for respondent.

LAMBERT, J. The action was commenced by the service of a summons on the 1st day of February, 1907. On the 9th day of that month, upon the affidavit of the plaintiff, Mr. Justice Greenbaum made an order requiring the defendants Burton W. Gibson, MacFarland, Whitin, MacIntosh, Pearsall, and Dyer to appear before a referee for the purpose of taking their examination. This order in form used the language of section 873 of the Code of Civil Procedure. The defendants, other than MacIntosh, who was not served, moved to vacate the order, and this motion was denied. The defendants other than Gibson have appealed from this order, which, having been argued before this court, has been affirmed at the present term.[1] Upon the settlement of the order of denial the defendant Gibson submitted a proposed order, in which he asked, among other things, that the order be modified by expressing in terms that the examination was under the provisions of sections 870 to 886 of the Code of Civil Procedure. This proposition was rejected; the learned justice following in his order the language of the original order. With matters in this condition Mr. Gibson procured an order to show cause, returnable at Special Term, asking for a modification of the order in the same particulars. The learned Special Term not only modified the order in the particular suggested by Mr. Gibson, but limited the scope of the examination to such an extent that the plaintiff urges, and not without reason, that it will defeat the very object for which the order was sought.

The facts set forth in the moving papers are such as to warrant a very thorough examination. Mr. Gibson is a member of the bar, and insists that he is willing to afford any proper information, and, if this is the case, there need be no practical difficulty in dealing with the questions under the original order. The transaction primarily rests upon the relations between Mr. Gibson, an attorney, and Louisa M. Stenson, now an incompetent, while the former was acting for the latter, and the affidavit on which the original order was granted

[1] Without written opinion.

alleges that the entire transactions involving all of the defendants is involved in the fraudulent scheme. The case seems to be one where a very thorough examination is proper, for the purpose of enabling the plaintiff to bring out the true state of affairs, and we are of opinion that the learned court at Special Term erred in granting more of an amendment or modification of the order than was asked by Mr. Gibson.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to modify should be denied, with $10 costs, leaving the original order to stand as made. It follows that the order denying the motion to vacate the original order, made by the defendants other than Gibson, should be affirmed, with $10 costs and disbursements. All concur.